UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x

BARBARA RYAN, an individual; on behalf of herself and all others similarly situated,

                  Plaintiffs,

        vs.

ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                  Defendants.

-----------------------------------------x

CASE NO. 1:11-cv-04995-RPP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**

      **PLEASE TAKE NOTICE THAT** upon this Notice of Motion, Plaintiff, Barbara Ryan, by and through her undersigned counsel, will move this Honorable Court, on a date and time to be determined by the Court, in Courtroom 24A at the United States Court House, 500 Pearl Street, New York, New York 10007-1312, for an Order certifying this case to proceed as a class action. Specifically, Plaintiff will move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action on behalf of the following class:

      The Plaintiff Class is defined as (a) all persons in the State of New York, (b) for whom Defendant left a voicemail or answering machine message, (c) that did not identify Defendant by its company name or state that the call was for collection purposes, (d) made in connection with Defendant, ARS NATIONAL SERVICES, INC.'s attempt to collect a debt, (e) which Messages violate the FDCPA, (f) during a period beginning July 21, 2010 and ending August 17, 2011.

      In support of this motion, Plaintiff respectfully states the following:

      1.    Plaintiff filed this class action lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

2. The uniform policy and practice of Defendant, ARS National Services, Inc. ("Defendant" or "ARS NATIONAL") is or was to leave telephone messages for residents of the state of New York, which violate the FDCPA by failing to indicate the call is from a debt collector, provide meaningful identification of the caller, and state that the purpose of the call is to collect a debt.

3. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4. The Defendant has admitted that it left telephonic voice messages identical to those received by Plaintiff for at least 10,000 Consumers in the State of New York in connection with its attempts to collect consumer debts.

5. There are questions of law and fact common to the Plaintiff class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the Plaintiff Class is that Defendant left each class member telephonic voice messages, similar to those left for the Plaintiff, which uniformly failed to identify Defendant by its company name as the caller, state that the call is from a debt collector, and state that the nature and/or purpose of the call (i.e., an attempt to collect a debt). The common legal issues are whether the Defendant's telephonic voice messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

7. There are no individual issues other than identifying the individual class members, which is a ministerial task that may easily be accomplished through a review of Defendant's business records.

8. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

10. The Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Neither Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue their action.

11. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§1692k(a)(2)(B) and 1692k(b)(2).

(b) Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by the Defendant's illegal collection practices. Indeed, the essence of Defendant's collection efforts is the deception, harassment, and intimidation of consumers.

(c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of $1,000.00.

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

12. Plaintiff requests certification of a class action pursuant to Rule 23(b)(3) for statutory damages. The grounds supporting class certification are further explained and supported by the accompanying Memorandum of Law, the Declarations of William F. Horn,

Abraham Kleinman, Christopher C. Saldaña, and the Plaintiff, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain with respect to this motion.

DATED:    Fresh Meadows, New York
          June 25, 2012

>Respectfully submitted,
>
>*s/ William F. Horn*
>William F. Horn, Esq. (WH-1070)
>LAW OFFICE OF WILLIAM F. HORN
>188-01B 71st Crescent
>Fresh Meadows, NY 11365
>Telephone:  (718) 785-0543
>Facsimile:   (866) 596-9003
>
>Abraham Kleinman, Esq. (AK-6300)
>KLEINMAN, LLC
>626 RXR Plaza
>Uniondale, NY  11556
>Telephone: (516) 522-2621
>Facsimile:  (888) 522-1692
>E-Mail:  akleinman@kleinmanllc.com
>
>Christopher C. Saldaña, Esq. (*Pro Hac Vice*)
>LAW OFFICES OF CHRISTOPHER C. SALDAÑA
>425 West Beech Street, Suite 417
>San Diego, California 92101
>Telephone:  (619) 665-6443
>Facsimile:   (877) 539-1135
>
>*Attorneys for Plaintiff, Barbara Ryan, and all others similarly situated*