**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
:
BARBARA RYAN, an individual; on behalf of      :          CASE NO. 1:11-cv-04995-RPP
herself and all others similarly situated,     :
:
:
Plaintiff,     :
:
:
vs.     :
:
:
ARS NATIONAL SERVICES, INC., a     :
California Corporation; and JOHN AND JANE     :
DOES NUMBERS 1 THROUGH 25,     :
:
:
Defendants.     :
———————————————————————x

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

---

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:   (866) 596-9003

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY  11556
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

Christopher C. Saldaña, Esq. (Pro Hac Vice)
LAW OFFICES OF CHRISTOPHER C. SALDAÑA
425 West Beech Street, Suite 417
San Diego, California 92101
Telephone:  (619) 665-6443
Facsimile:   (877) 539-1135

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES....**…………………………………………………..ii

   I.   **NATURE OF CASE....**……………………………………………………..1

   II.   **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**…2

   III.   **PLAINTIFF'S LEGAL CLAIMS**………………………………………...3

        A. The "Least Sophisticated Consumer"...……………….....………….3

        B. ARS National's Telephone Communications Violate The FDCPA.....4

        C. No Issues Of Intent Or Reliance Exist………………………..………7

        D. Standard For Class Certification………………………………...7

        E. The Proposed Class Meets The Standards For Certification……..….8

           1. Rule 23(a)(1)-Numerosity……………………………..………8

           2. Rule 23(a)(2)-Commonality………………………..………..9

           3. Rule 23(a)(3)-Typicality………………………………………10

           4. Rule 23(a)(4)-Adequacy Of Representation……………………..11

           5. Rule 23(b)(3)-Common Questions Of Law Or Fact
              Predominate……………………………………………....12

           6. Rule 23(b)(3)-Class Action Is Superior To Other Available
              Methods To Resolve This Controversy………………………13

   IV.   **CONCLUSION**……………………………………………………...15

# TABLE OF AUTHORITIES

## Cited Cases:

*Adames v. Mitsubishi Bank, Ltd.*,
    133 F.R.D. 82 (E.D.N.Y. 1989)……………….…..……………………….…..8

*Amchem Products, Inc. v. Windsor*,
 521 U.S. 591 (1997)……………....…………………………………….……7, 11, 13

*Anchondo v. Anderson, Crenshaw & Assocs.*,
    583 F. Supp. 2d 1278 (D.N.M. 2008)…………………..………………….…..6

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994)………………………………..……………………11

*Baker v. Allstate  Financial Srvs., Inc.*,
    554 F. Supp. 2d 945 (D. Minn. 2008)……………………....……………….…..5, 6

*Beattie v. D.M. Collections, Inc.*,
    754 F. Supp. 383 (D.Del. 1991)……….…………………………………………7

*Becher v. Long Island Lighting Co.*,
    164 F.R.D. 144 (E.D.N.Y. 1996)……………………………………….……9

*Beck v. Maximus*,
    457 F.3d 291 (3d Cir. 2006)…………...……………………………….…..…..……11

*Belin v. Litton Loan Servicing*,
    2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006)……………………….…..6

*Bentley v. Great Lakes Collection Bureau*,
    6 F.3d 60 (2d Cir. 1993)…………………..…………………………...……4, 7

*Biggs v. Credit Collections, Inc.*,
    2007 U.S. Dist. LEXIS 84793 (W.D. Okla. Nov. 15, 2007) ……………………..…6

*Califano v. Yamasaki*,
    442 U.S. 682 (1979)………………………….…………………..………….…..13

*Chalik v. Westport Recovery Corp.*,
    677 F. Supp. 2d 1322 (S.D. Fla. 2009)……………………..………………….…..6

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993)………….......................................................3

*Costa v. Nat'l Action Fin. Servs.*,
    2007 U.S. Dist. LEXIS 93230 (E.D. Cal., Dec. 19, 2007)………..……………….…..…5, 6

*D.G. v. William W. Siegel & Assocs.*,
    791 F. Supp. 2d 622 (N.D. Ill. 2011)………….………..……………………………….6

*Doshay v. Global Credit Collection Corp.*,
    796 F. Supp. 2d 1301 (D. Colo. 2011)………….………..……………………………...6

*Drossin v. Nat'l Action Fin. Servs.*,
    641 F. Supp. 2d 1314 (S.D. Fla. 2009)……………….………..……………………..…6

*Edwards v. Niagara Credit Solutions, Inc.*,
    586 F. Supp. 2d 1346 (N.D. Ga. 2008),
    *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009)…..……………………………6

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)…………..…………………….…..……………………………...8

*Finnan v. L.F. Rothschild & Co., Inc.*,
    726 F. Supp. 460 (S.D.N.Y. 1989)………….………………………………………….9

*Foti v. NCO Fin Sys, Inc.*,
    424 F. Supp. 2d 643 (S.D.N.Y. 2006)……………….…………………………………5

*Gilmore v. Account Mgmt.*,
    2009 U.S. Dist. LEXIS 79508 (Apr. 27, 2009) …………….…………………………..6

*Glover v. Client Srvs., Inc.*,
    2007 U.S. Dist. LEXIS 73604 (W.D. Mich. Oct. 2, 2007)…..………………………….5

*Graziano v. Harrison*,
    950 F.2d 107 (3d Cir. 1991)…………………….……………………………………..4

*Gryzbowski v. I.C. Systems Inc.*,
    691 F. Supp. 2d 618 (M.D. Pa. 2010)……………….…….…..……………....…5, 6

*Harrison v. Great Springwaters*,
    1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. 1997)…………………………..………15

*Hicks v. Client Servs.*,
    2009 U.S. Dist. LEXIS 131193 (S.D. Fla. June 9, 2009)………………...……….5, 6

*Hosseinzadeh v. M.R.S. Associates*,
    387 F. Supp. 2d 1104 (C.D. Cal. 2005)…………………………..…..……5, 6

*Hutton v. C.B. Accounts, Inc.*,
  2010 U.S. Dist. LEXIS 77881 (C.D. Ill. Aug. 3, 2010)……….……………………..6

*Inman v. NCO Fin. Sys., Inc.*,
  2009 U.S. Dist. LEXIS 98215, (E.D. Pa. Oct. 21, 2009)……………….……………6

*In re Agent Orange Prod. Liab. Litig.*,
  818 F.2d 145 (2d Cir. 1987)…………………………………….……………...…9

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992)…………………………………………………………7

*In re Risk Mgmt. Alternatives, Inc.*,
  208 F.R.D. 493 (S.D.N.Y. 2002)……………………………..……………….14

*Irwin v. Mascott*,
  96 F. Supp. 2d 968 F.R.D. 567 (N.D. Cal. 1999)……………..……………...……14

*Jacobson v. Healthcare Fin. Servs.*,
  516 F.3d 85 (2d Cir. 2008)…………………………………………….……………..3

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
  __ U.S. __, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010)…………………………....4

*Joseph v. J.J. Mac Intyre Cos.*,
  281 F. Supp. 2d 1156 (N.D. Cal. 2003)……………………………………………..5

*Keele v. Wexler*,
  149 F.3d at 589……………………………………………………….……………9, 11

*King v. Kansas City Southern Industries*,
  519 F.2d 20 (7th Cir. 1975)……………………………………………...………..8

*Knoll v. Allied Interstate, Inc.*,
  502 F. Supp. 2d 943 (D. Minn. 2007)……………………………………………5

*Koby v. ARS Nat'l Servs.*,
  2010 U.S. Dist. LEXIS 47205 (S.D. Cal. March 29, 2010)……………….....……..5, 6

*Korn v. Franchard Corp.*,
  456 F.2d 1206 (2d Cir. 1972)…………………………………...……………..9

*Kornburg v. Carnival Cruise Lines, Inc.*,
  741 F.2d 1332 (11th Cir. 1984)……………………………..……………..…………9

iv

*Krapf v. Collectors Training Inst. of Ill.*, Inc.,
   2010 U.S. Dist. LEXIS 13063 (W.D.N.Y. Feb. 16, 2010)…………………………………….6

*Krug v. Focus Receivables Mgmt., LLC*,
   2010 U.S. Dist. LEXIS 45850 (D. NJ. May 11, 2010)……………………………...…..6

*Labbate-D'Alauro v. GC Servs. Ltd. Partnership*,
   168 F.R.D. 451 (E.D.N.Y. 1996)………………………………………...……10, 13, 14

*Lensch v. Armada Corporation*,
   795 F. Supp. 2d 1180 (W.D. Wa. 2011)……………………………………………………7

*Leyse v. Corporate Collection Services*,
   2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006)………………….………….5, 6

*Macarz v. Transworld Systems, Inc.*,
   193 F.R.D. 46 (D. Conn. 2000). ………..…………………….………………...…10, 12

*Mark v. J.C. Christensen & Assocs.*,
   2009 U.S. Dist. LEXIS 67724 (D. Minn. Aug. 4, 2009)……..……..………..…………6

*Masciarelli v. Richard J. Boudreau & Assocs., LLC*,
   529 F. Supp. 2d 183 (D. Mass. 2007)…………………………………….………...5

*Mathis v. Bess*,
   138 F.R.D. 390 (S.D.N.Y. 1991)…………………………………………………….8

*Miller v. Faulkner*,
   2010 U.S. Dist. LEXIS 28590 (D. Conn. March 25, 2010)……………………...……..5, 6

*Nicholas v. CMRE Fin. Servs.*,
   2010 U.S. Dist. LEXIS 25373 (D.N.J. March 16, 2010)…………………….…...……..6

*Ostrander v. Accelerated Receivables*,
   2009 U.S. Dist. LEXIS 27321 (W.D.N.Y. March 31, 2009)……………..…………….6

*Pifko v. CCB Credit Servs.*,
   2010 U.S. Dist. LEXIS 69872 (E.D.N.Y. July 7, 2010)…………………….…...……..6

*Ramirez v. Apex Fin. Mgmt.*, LLC,
   567 F. Supp. 2d 1035 (N.D. Ill. 2008)……………………………………...……..6

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)……………………………….…………….…8, 11

*Romano v. Williams & Fudge, Inc.*,
    644 F. Supp. 2d 653 (W.D. Pa. 2008)……………………………..……………………………6

*Russell v. Equifax A.R.S.*,
    74 F.3d 30 (2d Cir. 1996)…………..…………………………………..………….....7

*Savage v. NIC, Inc.*,
    2009 U.S. Dist. LEXIS 65071 (D. Ariz. July 28, 2009)………….……....…….5, 6

*Savino v. Computer Credit*,
    173 F.R.D. 346 (E.D.N.Y. 1997)…………………………………..……….…8, 10

*Silva v. Jason Head, PLC*,
    2010 U.S. Dist. LEXIS 121557 (N.D. Cal. Nov. 4, 2010)………………..……….……6

*Smith v. Greystone Alliance LLC*,
    2011 U.S. Dist. LEXIS 35283 (N.D. Ill March 29, 2011)………………………..…….…6

*Stinson v. Asset Acceptance, LLC*,
    U.S. Dist. LEXIS 42266 (E.D. Va. June 12, 2006)………………………….………5

*Swanson v. S. Oregon Credit Serv., Inc.*,
    869 F.2d 1222 (9th Cir. 1988)………………...………………………………….4

*Taylor v. Perrin, Landry, deLaunay & Durand*,
    103 F.3d 1232 (5th Cir. 1997)…………..……………………………….…...4

*Thomas v. Consumer Adjustment Co., Inc.*,
    579 F. Supp. 2d 1290 (E.D. Mo. 2008)……………………………….…….5, 6

*U.S. v. Nat'l Fin. Serv., Inc.*,
    98 F.3d 131 (4th Cir. 1996)……………………………………………..…..4

*Valencia v. Affiliated Group, Inc.*,
    2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 24, 2008)………………….……..5

*Vega v. Credit Bureau Enters.*,
    2005 U.S. Dist. LEXIS 4927 (E.D.N.Y. March 29, 2005)……………………....14

*Versteeg v. Bennett, DeLoney & Noyes, P.C.*,
    775 F. Supp. 2d 1316 (D. Wyo. 2011)……………………….………………6

*Warren v. Sessoms & Rogers, P.A.*,
    676 F.3d 365 (4th Cir. 2012)………………….……….…………………6

*Washington v. Brown & Williamson Tobacco Corp.*,
    959 F.2d 1566 (11th Cir. 1992)…………..…………………..…………………..…8

*Wideman v. Monterey Fin. Servs.*,
    2009 U.S. Dist. LEXIS 38824 (W.D. Pa., May 7, 2009)……………..…………..……6

*Winberry v. United Collection Bureau, Inc.*,
    697 F. Supp. 2d 1279 (M.D. Ala. 2010)…………………………………..…….…...6

*Wright v. Credit Bureau of Georgia, Inc.*,
    548 F. Supp. 591 (N.D. Ga. 1982)……………………………………..………………5

## Federal Statutes:

Fed. R. Civ. P. 23……………………………………………………………...………..2, 7

Fed. R. Civ. P. 23(a)(1)…………………………………………………………...…………9

Fed. R. Civ. P. 23(a)(2)…………………………………………………………...…………9

Fed. R. Civ. P. 23(a)(3)………………………………………………………………………11

Fed. R. Civ. P. 23(a)(4)………………………………………………………………………12

Fed. R. Civ. P. 23(b)……………………………………………………..…………………...…...8

Fed. R. Civ. P. 23(b)(3)…………………………………………………………………13, 14, 15

15 U.S.C. §§ 1692……………………………………………………………………………1

15 U.S.C. § 1692d(6)……………………………………………………………...……..5, 7

15 U.S.C. § 1692e(10)……………………………………………………………………...…..7

15 U.S.C. § 1692e(11)…………………………………………………………………………6, 7

## I. NATURE OF THE CASE

Plaintiff, BARBARA RYAN ("Plaintiff"), brought this action for the illegal practices of Defendant, ARS NATIONAL SERVICES, INC. ("Defendant" or "ARS NATIONAL"), who used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others. The Plaintiff's complaint specifically alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") by, *inter alia*:

(a)    Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of ARS NATIONAL's identity in violation of 15 U.S.C. § 1692d(6);

(b)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt) 15 U.S.C. §§ 1692d(6) and 1692e(10); and

(c)    Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector 15 U.S.C. § 1692e(11).

Plaintiff now moves this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action on behalf of the following class:

(a) all persons in the State of New York, (b) for whom Defendant left a voicemail or answering machine message, (c) that did not identify Defendant by its company name or state that the call was for collection purposes, (d) made in connection with Defendant's attempt to collect a debt, (e) which Messages violate the FDCPA, (f) during a period beginning July 21, 2010 and ending August 17, 2011.

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II.  RELEVANT PROCEDURAL & FACTUAL BACKGROUND

On July 21, 2011, Plaintiff filed this putative class action against Defendant. [Doc. 1]. Defendant was personally served with the summons and complaint on July 27, 2011. [Doc. 2]. On October 7, 2011, after Plaintiff provided multiple extensions of time, Defendant finally filed its Answer to Plaintiff's Complaint. [Doc. 5].

On February 24, 2012, the Court entered its Scheduling Order. [Doc. 6]. On May 11, 2012, Plaintiff served her initial sets of written discovery on Defendant, which consisted of Interrogatories, Requests for Production of Documents, and Requests for Admission. [Horn Decl., ¶9]. Pursuant to the Federal Rules of Procedure, Defendant's discovery responses discovery were due on June 11, 2012; however, as of the time of filing this motion, Defendant still refuses to serve any responses to Plaintiff's discovery. [*Id.*].

On June 15, 2012, Plaintiff's counsel sent a letter to Defendant's counsel, Cindy D. Salvo, and copied Defendant's General Counsel, Dan Montenaro, in an effort to meet and confer regarding Defendant's tardy discovery responses. [Horn Decl., ¶10]. Defendant's General Counsel acknowledged receipt; however, Defendant refuses to respond in any manner to Plaintiff's letter or otherwise provide its discovery responses. [*Id.*].

As a preliminary matter, Plaintiff is a "consumer," Defendant is a "debt collector," and Defendant attempted to collect a "debt" from Plaintiff as each of those terms are defined by the FDCPA. [Horn Decl., ¶12, Exh. A at Nos. 1-4].

As set forth in Plaintiff's complaint, the following are transcriptions of telephonic voice messages that Defendant left for Plaintiff on her home telephone answering machine during the one-year period immediately preceding the filing of her Complaint:

> "Hi my name is Mike (*indecipherable*). This message is intended for Barbara
> Ryan. Ms. Ryan if you could give me a call back in reference to a business placed
> in my office. Do have a few options I need to go over with Ms. Ryan. Phone

number that I can be reached at directly is 866-888-9096 my extension is 3187. Thank you." [Doc. 1, ¶24].

***

"Hi this message is for Barbara Ryan. This is Diana. I'm calling in regards to file number 223091794. Barbara I'm not sure if you're aware of what's going on but your file was recently placed in my office for review and it is concerning a personal business matter of yours. It's very important that you contact me at 1-866-888-9096 extension 3197. Thank you and have a great day." [Doc. 1, ¶25].

Defendant admits leaving the foregoing telephone messages for Plaintiff. [Horn Decl., ¶12, Exh. A at Nos. 55-60]. Defendant also admits that, during the class period alleged in Plaintiff's Complaint [Doc. 1, ¶55], it left telephone messages for the Plaintiff and others that did not include any statement that the call is from a debt collector, or that the call concerned the collection of a debt. [Horn Decl., ¶12, Exh. A at Nos. 5-8; 10-11]. Defendant further admits that all of its foregoing telephone messages were left in connection with its attempt to collect a debt.

Defendant also admits that it placed telephone calls to at least 10,000 Consumers who have addresses in the State of New York during which it left telephonic voice messages in connection with its attempt to collect a debt. [Horn Decl., ¶12, Exh. A at No. 23]. Defendant admits that all of the foregoing telephonic voice messages, which it left for at least 10,000 Consumers, failed to state: (1) that the caller was a "debt collector;" (2) the nature or purpose of the call (i.e., an attempt to collect a debt). [Horn Decl., ¶12, Exh. A at Nos. 33; 43].

### III. PLAINTIFF'S LEGAL CLAIMS

**A.   THE "LEAST SOPHISTICATED CONSUMER".**

The U.S. Court of Appeals for the Second Circuit established the standard by which violations of the FDCPA are analyzed, *i.e.*, whether the communication or other conduct by the debt collector would mislead the "least sophisticated consumer". *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); also see: *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008). "The basic purpose of the least sophisticated consumer standard is to ensure that the

FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* Additionally, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson, supra* at 91. In this way, "the FDCPA enlists the efforts of sophisticated consumers like [the Plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil  [**12] actions brought by others." *Id.* Other Circuit Courts have followed the lead of the Second Circuit. *See e.g., Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988).

In evaluating claims for violations of the FDCPA, the Court must view Defendant's conduct through the eyes of the least sophisticated consumer.

**B.** **ARS NATIONAL'S TELEPHONE COMMUNICATIONS VIOLATE THE FDCPA**

When adopting the FDCPA, Congress acted with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, __, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted). Congress therefore explicitly required, among other things, that telephone calls from debt collectors to consumers include "meaningful disclosure" of the caller's identity. §1692d(6).

The FDCPA prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).[1] "[T]he 'meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name." *Wright v. Credit Bureau of Ga., Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982) (permitting use of "desk name"); see also, *Joseph v. J.J. Mac Intyre Cos.*, 281 F. Supp. 2d 1156, 1163 (N.D. Cal. 2003), and *Leyse*, *supra*.

Here, Defendant admits that its telephone messages left for Plaintiff and the class members uniformly failed with respect to both disclosure requirements -- namely, (1) to disclose its company name, and (2) the nature of its business.

The FDCPA further prohibits "the failure to disclose . . . that the communication is from a debt collector." 15 U.S.C. § 1692e(11).[2]

---

[1] *Baker v. Allstate  Financial Srvs., Inc.*, 554 F. Supp. 2d 945, 949 (D. Minn. 2008) (footnote omitted). *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591 (N.D. Ga. 1982); *Joseph v. J.J. Mac Intyre Cos., Inc.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005); *Leyse v. Corporate Collection Services*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006); *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943 (D. Minn. 2007); *Glover v. Client Srvs., Inc.*, 2007 U.S. Dist. LEXIS 73604 (W.D. Mich. Oct. 2, 2007); *Costa v. Nat'l Action Fin. Servs.*, 2007 U.S. Dist. LEXIS 93230 (E.D. Cal., Dec. 19, 2007); *Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183 (D. Mass. 2007); *Valencia v. Affiliated Group, Inc.*, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 24, 2008); *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp. 2d 1290 (E.D. Mo. 2008); *Hicks v. Client Servs.*, 2009 U.S. Dist. LEXIS 131193 (S.D. Fla. June 9, 2009); *Savage v. NIC, Inc.*, 2009 U.S. Dist. LEXIS 65071, *13-14 (D. Ariz. July 28, 2009); *Gryzbowski v. I.C. Systems Inc.*, 691 F. Supp. 2d 618 (M.D. Pa. 2010); *Miller v. Faulkner*, 2010 U.S. Dist. LEXIS 28590 (D. Conn. March 25, 2010); and *Koby v. ARS Nat'l Servs.*, 2010 U.S. Dist. LEXIS 47205 (S.D. Cal. March 29, 2010).

[2] The following cases, all listed chronologically, are the 39 district court decisions originating from 28 different districts sitting in all regional circuits except the Sixth and the District of Columbia and all decided within the past seven years: *Hosseinzadeh v. M.R.S. Associates*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005); *Foti v. NCO Fin Sys, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Stinson v. Asset Acceptance, LLC*, U.S. Dist. LEXIS 42266 (E.D. Va. June 12, 2006) (vacated by settlement at 2006 U.S. Dist. LEXIS 58865 (July 17, 2006)); *Belin v. Litton Loan*

Here, Defendant admits that it left the telephonic voice messages alleged in Plaintiff's complaint for Plaintiff and the class members [Horn Decl., ¶12, Exh. A at Nos. 5-8; 10-11; 55-60] and that those messages failed to identify the caller, state that the caller was a "debt collector," and state the nature or purpose of the call (i.e., an attempt to collect a debt). [Horn Decl., ¶12, Exh. A at Nos. 33; 43; 55-60].

---

*Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006); *Leyse v. Corporate Collection Services*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006); *Biggs v. Credit Collections, Inc.*, 2007 U.S. Dist. LEXIS 84793 (W.D. Okla. Nov. 15, 2007); *Costa v. Nat'l Action Fin. Servs.*, 2007 U.S. Dist. LEXIS 93230 (E.D. Cal., Dec. 19, 2007); *Baker v. Allstate Fin. Servs.*, 554 F. Supp. 2d 945 (D. Minn. 2008); *Ramirez v. Apex Fin. Mgmt.*, LLC, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp. 2d 1290 (E.D. Mo. 2008); *Anchondo v. Anderson, Crenshaw & Assocs.*, 583 F. Supp. 2d 1278 (D.N.M. 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346 (N.D. Ga. 2008), *aff'd* on other grounds, 584 F.3d 1350 (11th Cir. 2009); *Romano v. Williams & Fudge, Inc.*, 644 F. Supp. 2d 653 (W.D. Pa. 2008); *Ostrander v. Accelerated Receivables*, 2009 U.S. Dist. LEXIS 27321, *16-18 (W.D.N.Y. March 31, 2009); *Gilmore v. Account Mgmt.*, 2009 U.S. Dist. LEXIS 79508 (Apr. 27, 2009) (report and recommendation adopted as modified, 2009 U.S. Dist. LEXIS 79321 (N.D. Ga. Aug. 31, 2009) reconsideration denied, 2009 U.S. Dist. LEXIS 89429 (N.D. Ga. Sept. 28, 2009) *aff'd* in part, vacated in part on other grounds, 357 F. App'x. 218 (11th Cir. 2009)); *Wideman v. Monterey Fin. Servs.*, 2009 U.S. Dist. LEXIS 38824, *5-8 (W.D. Pa., May 7, 2009); *Hicks v. Client Servs.*, 2009 U.S. Dist. LEXIS 131193 (S.D. Fla. June 9, 2009); *Savage v. NIC, Inc.*, 2009 U.S. Dist. LEXIS 65071, *13-14 (D. Ariz. July 28, 2009); *Mark v. J.C. Christensen & Assocs.*, 2009 U.S. Dist. LEXIS 67724, *7-12 (D. Minn. Aug. 4, 2009); *Drossin v. Nat'l Action Fin. Servs.*, 641 F. Supp. 2d 1314 (S.D. Fla. 2009); *Inman v. NCO Fin. Sys., Inc.*, 2009 U.S. Dist. LEXIS 98215, (E.D. Pa. Oct. 21, 2009); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322 (S.D. Fla. 2009); *Krapf v. Collectors Training Inst. of Ill.*, Inc., 2010 U.S. Dist. LEXIS 13063 (W.D.N.Y. Feb. 16, 2010); *Gryzbowski v. I.C. Systems Inc.*, 691 F. Supp. 2d 618 (M.D. Pa. 2010); *Nicholas v. CMRE Fin. Servs.*, 2010 U.S. Dist. LEXIS 25373 (D.N.J. March 16, 2010); *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279 (M.D. Ala. 2010); *Miller v. Faulkner*, 2010 U.S. Dist. LEXIS 28590 (D. Conn. March 25, 2010); *Koby v. ARS Nat'l Servs.*, 2010 U.S. Dist. LEXIS 47205 (S.D. Cal. March 29, 2010); *Krug v. Focus Receivables Mgmt., LLC*, 2010 U.S. Dist. LEXIS 45850 (D. NJ. May 11, 2010); *Pifko v. CCB Credit Servs.*, 2010 U.S. Dist. LEXIS 69872 (E.D.N.Y. July 7, 2010); *Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 77881 (C.D. Ill. Aug. 3, 2010); *Silva v. Jason Head, PLC*, 2010 U.S. Dist. LEXIS 121557 (N.D. Cal. Nov. 4, 2010); *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301 (D. Colo. 2011); *Smith v. Greystone Alliance LLC*, 2011 U.S. Dist. LEXIS 35283 (N.D. Ill March 29, 2011); *Lensch v. Armada Corporation*, 795 F. Supp. 2d 1180 (W.D. Wa. 2011); *D.G. v. William W. Siegel & Assocs.*, 791 F. Supp. 2d 622 (N.D. Ill. 2011); *Versteeg v. Bennett, DeLoney & Noyes, P.C.*, 775 F. Supp. 2d 1316 (D. Wyo. 2011); and *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373-74 (4th Cir. 2012).

Accordingly, Plaintiff asserts that Defendant's telephone messages violated 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

## C.   NO ISSUES OF INTENT OR RELIANCE EXIST

Whether the Plaintiff or any other class member was misled is not an element of the FDCPA cause of action. "The question is not whether the Plaintiff were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991). The Second Circuit holds that the FDCPA is a strict liability statute. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

## D.   STANDARD FOR CLASS CERTIFICATION

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of the class. To obtain class certification, Plaintiff must demonstrate that the proposed Settlement Class satisfies the general class certification requirements of: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy of representation under Rule 23(a); and (5) some section pursuant to Fed. R. Civ. P. 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992).

In deciding a motion for class certification the court must accept all allegations of the complaint as true and assume that cognizable claims are stated. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). (Rule 23 does not "give a court authority to conduct a preliminary inquiry into the merits of a suit to determine whether it may be maintained as a class action"); *Savino v. Computer Credit*, 173 F.R.D. 346, 351 (E.D.N.Y. 1997); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87-88 n.1 (E.D.N.Y. 1989). Further, Rule 23 should be given "broad, rather than restrictive, interpretation" by the Court, *Adames*, 133 F.R.D. at 88, "to favor maintenance of class actions." See also, *Savino, supra.* "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." *King v. Kansas City Southern Industries*, 519 F.2d 20, 25-26 (7th Cir. 1975).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §1692k(a) and (b) for FDCPA class action cases. In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1669 (11th Cir. 1992).

## E. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### 1. RULE 23(a)(1)–NUMEROSITY

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." However, impracticable does not mean impossible. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). In determining whether a class is so "numerous" that joinder is impracticable, the most important factor is the absolute size of the proposed class. Because the size of a class is the most important factor in determining impracticability, a class defined so as to include an extremely large number of class members may, by itself, establish that joining all class members would be impracticable. *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991)

(joinder impracticable based solely on fact that class had 120 members); *Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (joinder impracticable based solely on 127 class members); see also, *Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972).

Plaintiff has established numerosity. With respect to the class, Defendant admits that it left the same type of telephone voice messages for "at least 10,000 Consumers who have addresses in the State of New York." [Horn Decl., ¶12, Exh. A at Nos. 33; 43]. These facts are sufficient to establish numerosity.

## 2.  RULE 23(a)(2)–COMMONALITY

A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987). Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members and, therefore, courts typically find that the commonality requirement is easily satisfied. *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144, 150 (E.D.N.Y. 1996) ("The standard for meeting the Rule 23(a)(2) requirement is qualitative rather than quantitative--that is, there need only be a single issue common to all members of the class"). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

To establish commonality in an FDCPA case, it is sufficient that Plaintiff allege that all class members received the same type of uniform communication that allegedly violates the

FDCPA. *Labbate-D'Alauro v. GC Servs. Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996); *Savino v. Computer Credit*, 173 F.R.D. at 352. "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D. Conn. 2000).

With respect to the Class, each class member has the common element of having received a telephone voice message from Defendant that did not inform the consumer the identity of the caller or state that the call's purpose was to collect a debt. Stated another way, the single issue of whether class members received telephone messages that lacked information required by the FDCPA is common to all class members and predominates over any individual issue. The class definition set forth in Plaintiff's Complaint [Doc. 1, ¶55] presents a common factual situation with the common legal issue of whether the Defendant's messages violated the FDCPA by not including the required disclosures, and these issues predominate any individual issue.

Here, Defendant admits that it left identical telephonic voice messages for Plaintiff and the class members [Horn Decl., ¶12, Exh. A at Nos. 5-8; 10-11; 55-60] and that those messages uniformly failed to identify the caller, state that the caller was a "debt collector," and state the nature or purpose of the call (i.e., an attempt to collect a debt). [Horn Decl., ¶12, Exh. A at Nos. 33; 43; 55-60]. Consequently, Plaintiff contends that all of Defendant's telephone messages uniformly violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

The only individual issue to be determined in this case is the identification of the class members, which is a ministerial task easily accomplished by a review of Defendant's business records. Accordingly, Plaintiff has satisfied the commonality requirement of Rule 23(a)(2).

### 3.   RULE 23(a)(3)–TYPICALITY

A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are

based on the same legal theory." *Keele v. Wexler*, 149 F.3d at 595; *Robidoux v. Celani*, 987 F.2d at 936-937 (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality). The typicality prong is analyzed by asking whether the named plaintiff has incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994), *citing* 3B Moore & Kennedy, P 23.06-02; 1 Newberg & Conte, § 3.13. See also, *Beck v. Maximus*, 457 F.3d 291, 295-96 (3d Cir. 2006).

In the instant case, typicality is inherent in the class definition. With respect to the Class, the Plaintiff and class members each received a  telephonic voice message from Defendant that uniformly failed to identify the caller, state that the caller was a "debt collector," and state the nature or purpose of the call (i.e., an attempt to collect a debt). [Horn Decl., ¶12, Exh. A at Nos. 33; 43; 55-60].

Therefore, the typicality requirement of Rule 23(a)(3) has been met because the claims of the Plaintiff and class members all arise from Defendant's uniform practice or course of conduct and all of these claims are based under the same legal theory (i.e., the FDCPA).

### 4.   RULE 23(a)(4)–ADEQUACY OF REPRESENTATION

In order for Plaintiff to be considered a fair and adequate representatives of the Settlement Class, three requirements must be met: (1) counsel must be qualified, experienced and generally able to conduct the proposed litigation; (2) the class representatives must have sufficient interest in the outcome to ensure vigorous advocacy; and (3) the class representative must not have antagonistic or conflicting interests with other members of the proposed class. *Amchem Prods.*, *supra*, 521 U.S. at 625. "The adequacy inquiry serves to uncover conflicts of interest between named class representatives and the class they seek to represent." *Id.*

The Plaintiff understands her responsibilities as the class representative, she does not have antagonistic or conflicting interests with members of the proposed class, and she has an interest in ensuring vigorous advocacy. [*See,* Ryan Declaration]. Furthermore, Plaintiff is represented by counsel experienced with the handling of consumer class actions and other complex civil litigation. [*See*, Declarations of William F. Horn, Abraham Kleinman, and Christopher C. Saldaña].

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here, Plaintiff and the class members only seek statutory damages as the result of Defendant's unlawful practices. Given the identical nature of the claims and relief between Plaintiff and the class members, there is no potential for conflicting interests in this action. Thus, there is no antagonism between the interests of Plaintiff and those of the class.

In light of the foregoing, the Rule 23(a)(4) representativeness requirement has been satisfied. Plaintiff should be appointed as the class representative. Additionally, pursuant to Rule 23(g), Plaintiff respectfully requests that the Court appoint William F. Horn, Abraham Kleinman, and Christopher C. Saldaña as class counsel.

## 5.    RULE 23(b)(3)–COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. In determining whether common questions of fact predominate, a court's inquiry is directed primarily toward whether the issue of liability is common to members of the class. *Macarz v. Transworld Sys.*, 193 F.R.D. at 54. Indeed, "when determining whether common questions predominate courts focus on the liability issue … and if the liability issue is common to the class, common questions are held to predominate over individual questions." *Id.* quoting

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y.1987) (quoting *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y.1981)). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer...fraud..." *Amchem Products, Inc.v. Windsor*, 521 U.S. at 623-24.

In this case, the "common nucleus of operative fact" is that all class members, by definition, received identical telephonic voice message(s) as those received by Plaintiff, and all were subjected to the same violations of the FDCPA. Thus, the claims of the class present the same legal theories based on identical facts such that common questions clearly predominate.

As noted, *supra*, the only individual issue is the identification of the New York consumers who received the Defendant's violative telephone messages, which is a ministerial matter that can be easily determined by a simple review of Defendant's business records. In this case, it is clear that both the factual issues and the issues of law are common to the class and, therefore, those issues predominate.

### 6.  RULE 23(b)(3)–CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

A class action is the superior method for resolving this case. Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979); *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 458. The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Labbate-D'Alauro, supra* (internal citation and quotes omitted).

It is appropriate for the court to consider the "inability of the poor or uninformed to enforce their rights and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit. *Id.* Indeed, "suits brought under the FDCPA…regularly satisfy the superiority requirement." *In re Risk Mgmt. Alternatives, Inc.*, 208 F.R.D. 493, 507 (S.D.N.Y. 2002); *Vega v. Credit Bureau Enters.*, 2005 U.S. Dist. LEXIS 4927, *15 (E.D.N.Y. March 29, 2005).

The class, as defined above, will protect the interests of all persons, for whom Defendant left its telephone voice messages during the class period in violation of the FDCPA. These persons have incurred statutory damages as a result of Defendant's illegal conduct, and a class action is the superior method of litigating these common claims so as to avoid swamping the judicial system with numerous identical individual claims that seek readily calculable statutory damages. As noted above, lawsuits brought under the FDCPA such as this case regularly satisfy the superiority requirement of Rule 23. *See, Labbate-D'Alauro*, 168 F.R.D. at 458 (FDCPA cases regarding the liability of standardized documents and practices often result in the predomination of common questions of law or fact and were generally appropriate for resolution by class action); *Irwin v. Mascott*, 96 F. Supp. 2d 968, 186 F.R.D. 567 (N.D. Cal. 1999); *Harrison v. Great Springwaters*, 1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. 1997).

In light of the foregoing, Plaintiff have met the superiority element of Rule 23(b)(3).

## IV. CONCLUSION

Based on the foregoing, the Plaintiff's proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3). Consequently, the Plaintiff respectfully requests that the Court certify this case to proceed as a class action and appoint the Plaintiff and her undersigned counsel to represent the class.

DATED:       Fresh Meadows, New York
             June 25, 2012

                              Respectfully submitted,

                              *s/ William F. Horn*
                              William F. Horn, Esq. (WH-1070)
                              LAW OFFICE OF WILLIAM F. HORN
                              188-01B 71st Crescent
                              Fresh Meadows, NY 11365
                              Telephone:  (718) 785-0543
                              Facsimile:   (866) 596-9003

                              Abraham Kleinman, Esq. (AK-6300)
                              KLEINMAN, LLC
                              626 RXR Plaza
                              Uniondale, NY  11556
                              Telephone: (516) 522-2621
                              Facsimile:  (888) 522-1692
                              E-Mail:  akleinman@kleinmanllc.com

                              Christopher C. Saldaña, Esq. (*Pro Hac Vice*)
                              LAW OFFICES OF CHRISTOPHER C. SALDAÑA
                              425 West Beech Street, Suite 417
                              San Diego, California 92101
                              Telephone:  (619) 665-6443
                              Facsimile:   (877) 539-1135

                              *Attorneys for Plaintiff, Barbara Ryan, and all
                              others similarly situated*