**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

BARBARA RYAN, an individual; on behalf of
herself and all others similarly situated,

                     Plaintiffs,

          vs.

ARS NATIONAL SERVICES, INC., a
California Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                 Defendants.

———————————————————————x

CASE NO. 1:11-cv-04995-RPP

**DECLARATION OF WILLIAM F. HORN
IN SUPPORT OF PLAINTIFF'S MOTION
FOR CLASS CERTIFICATION**

I, William F. Horn, of full age, hereby certify as follows:

1.     I am an attorney at law of the State of New York and the Bar of this Court. I have been retained to serve as co-counsel for Plaintiff, Barbara Ryan, in this action. As such, I am familiar with all of the facts set forth herein and state them to be true.

2.     I have been admitted to practice law in the State of New York since 1995 and have remained a member in good standing since that time. I am also admitted to practice law before the United States District Courts for the Eastern District of New York and for the Southern District of New York since 1997, and the United States District Courts for the Northern District of New York and Western District of New York since 2010. I am also admitted to practice before the bar of the Eastern District of Michigan and the Northern District of Illinois.

3.     My license to practice law has never been suspended or revoked by the State of New York or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

4.      I received my bachelor's degree from the University of Pennsylvania in 1983 and graduated the Brooklyn Law School in 1994. I also hold a Master of Science degree in Real Estate Development, which I earned from New York University in 1994.

5.      Prior to attending law school, I worked in the finance and real estate sectors. From 1989 to 1991, I worked for Baring Institutional Realty Advisors, Inc. where I performed lease analyses and prepared cash-flow projections for businesses. From 1984 to 1987, I worked for Bear Stearns and Company, Inc., as a credit analyst determining the financial creditworthiness for major financial institutions and Manufacturers Hanover Trust Company as an international banking officer.

6.      Just following and prior to my graduation from law school and admission to the New York bar, I worked as a legal consultant and contract attorney for several large multinational law firms and corporations. Furthermore, from 2004 to 2009, I practiced law at Skadden, Arps, Slate, Meagher & Flom, LLP in both its Real Estate and Litigation departments, where I performed all activities relating to large real estate transactions and trial preparation in multi-million dollar class-action lawsuits. From 2000 to 2004, I worked as a contract attorney for, among others, Schulte, Roth & Zabel, LLP and Solomon Zauderer, Ellenhorn, Frischer & Sharp, where I advised their respective Corporate and Securities Litigation groups concerning trial strategy. From 1998 to 2000, I served as a corporate associate at Simpson, Thacher & Bartlett, LLP where I practiced securities law. From 1994 to 1998, I was engaged as a solo practitioner and consultant handling a variety of real estate litigation matters which included practicing before the U.S. Bankruptcy Court and the U.S. Immigration Court.

7.      In connection with my foregoing professional and legal work experience, I have worked on a variety of complex commercial and consumer matters. Since leaving Skadden Arps

in 2009, I have been engaged as a solo practitioner and have a growing practice representing consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* I am now, and have been involved in actions brought solely as individual claims as well as class actions. My cases have been filed in the Eastern District of New York, Western District of New York, Northern District of New York, Eastern Southern District of New York, District of Pennsylvania, Northern District of Illinois, the Southern and Central Districts of California, the District of Kansas, the Southern District of Florida and the Eastern District of North Carolina.

8.     I have been certified to act as class counsel in the following consumer class action lawsuits:

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB;

- *Harrigan v. Receivables Performance Management, LLC*,
  U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT;

- *Gravina v. United Collection Bureau, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT;

- *Gravina, et al. v. National Enterprise Systems, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB;

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-03825-LDW-ETB;

- *Pawelczak v. Bureau of Collection Recovery, LLC*,
  U.S. District Court, N.D. Ill. Case No. 1:11-cv-01415;

- *Zirogiannis v. Professional Recovery Consultants, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB;

- *Lagana v. Stephen Einstein & Associates, P.C. et al.*,
  U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG;

- *Castellano, et al. v. Global Credit & Collection Corporation*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW; and

- *Cedeno v. Bureau of Collection Recovery, Inc.*,
  U.S. District Court, C.D. Cal. Case No. 8:10-cv-01960-JVS-FFM.

9.      On May 11, 2012, Plaintiffs served their initial sets of written discovery on ARS NATIONAL, which consisted of Interrogatories, Requests for Production of Documents, and Requests for Admission. Pursuant to the Federal Rules of Procedure, Defendant's responses to discovery were due on June 11, 2011; however, as of this date, ARS NATIONAL has refused to serve any responses to Plaintiffs' discovery.

10.      On June 15, 2012, I sent a letter to Defendant's counsel, Cindy D. Salvo, and copied Defendant's General Counsel, Dan Montenaro, in an effort to meet and confer regarding Defendant's tardy discovery responses. Attached as ***Exhibit A*** is a true and correct copy of my foregoing letter dated June 15, 2012. Defendant's General Counsel acknowledged receipt; however, Defendant has refused to respond to my letter or otherwise provide any responses to discovery.

11.      With respect to Plaintiff's Requests for Admission, the admissions are automatically deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) due to Defendant's failure to timely respond. See also, *An-Port Inc. v. MBR Indus., Inc.*, 772 F. Supp. 1301, 1305 (D.P.R. 1991).

12.      Attached as ***Exhibit B*** is a true and correct copy of Plaintiff's First Set of Requests for Admissions, which Defendant has admitted pursuant to Fed. R. Civ. P. 36(a)(3).

In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 25th day of June 2012, at Fresh Meadows, New York.

*s/William F. Horn*
William F. Horn, Esq. (WF-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail:  bill@wfhlegal.com

*One of the Attorneys for Plaintiff, Barbara Ryan and all others similarly situated*

# EXHIBIT "A"

# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

June 15, 2011

Cindy D. Salvo, Esq.
THE SALVO LAW FIRM, P.C.
165 Passaic Avenue, Suite 310
Fairfield, NJ 07004

> **Re:** **Barbara Ryan, et al. vs. ARS National Services, Inc.**
> S.D.N.Y. Case No. 1:11-cv-04995-RPP

Dear Cindy,

As you know, on May 11, 2012, Plaintiff served her initial sets of written discovery directed to Defendant, ARS National Services, Inc., which included Interrogatories, Requests for Production of Documents, and Requests for Admission. Defendant's responses to Plaintiff's initial discovery requests were due on or before June 11, 2012; however, to date, Defendant has declined to serve any discovery responses.

The deadline for Defendant to provide its responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production is long passed without an agreement (or even a request) to enlarge the time for Defendant to serve its responses and objections. Consequently, please be advised that:

(1) With respect to Plaintiff's Interrogatories, Defendant has waived its right to interpose objections, except those based on privilege, due to its failure to timely respond or seek an extension. Fed. R. Civ. P. 33(b)(2),(4); see also, *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009).

(2) With respect to Plaintiff's Requests for Production, Defendant has waived its right to interpose objections, except those based on privilege, due to its failure to timely respond or seek an extension. Fed. R. Civ. P. 34(b)(2)(A); see also, *Senat v. City of New York*, *supra*.

(3) With respect to Plaintiff's Requests for Admission, the admissions are <u>automatically</u> deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) due to Defendant's failure to timely respond. See also, *An-Port Inc. v. MBR Indus., Inc.*, 772 F. Supp. 1301, 1305 (D.P.R. 1991).

Please note that Plaintiff's goal is to avoid motion practice directed to Defendant's tardy discovery responses. To that end, I ask that you please provide Defendant's discovery responses to Plaintiff's Interrogatories and Requests for Production – without objection – by close of

Cindy D. Salvo, Esq.
***Ryan, et al. v. ARS National  Services, Inc.***
June 15, 2012
Page 2

business Monday, June 18, 2012, so Plaintiff may avoid having to seek the Court's intervention in resolving this dispute.

As always, please do not hesitate to contact me directly via e-mail or telephone should you have any questions or require additional information.

Very truly yours,

William F. Horn
*via e-mail to csalvo@salvolawfirm.com*
cc:      Dan Montenaro, Esq. *via e-mail only to Dan.Montenaro@arsnational.com*
         Christopher C. Saldaña, Esq. *via e-mail only*
         Abraham Kleinman, Esq. *via e-mail only*

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                                                                                 |       |                                |
|-------------------------------------------------------------------------------------------------|-------|--------------------------------|
| ——————————————————————x                                                                         |       |                                |
| BARBARA RYAN, an individual; on behalf of herself and all others similarly situated,            | :<br>:<br>: | CASE NO.:  1:11-cv-04995-RPP |
|                                                                                                 | :     |                                |
| Plaintiffs,                                                                                     | :<br>: |                                |
|                                                                                                 | :     |                                |
| vs.                                                                                             | :     | **CERTIFICATE OF SERVICE**     |
|                                                                                                 | :     |                                |
| ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | :<br>:<br>: |                    |
|                                                                                                 | :     |                                |
| Defendants.                                                                                     | :     |                                |
| ——————————————————————x                                                                         |       |                                |

I, Christopher C. Saldaña, being admitted Pro Hac Vice to practice law in the State of New York and in the United States District Court for the Southern District of New York in this case, hereby affirm under the penalties of perjury that on **May 11, 2012**, I served:

> Cindy D. Salvo
> THE SALVO LAW FIRM, PC
> 165 Passaic Avenue, Suite 310
> Fairfield, NJ 07004
> (973) 233-4080
> csalvo@salvolawfirm.com
> Attorneys for ARS NATIONAL SERVICES, INC.

With the following within documents:

1. **PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT, ARS NATIONAL SERVICES, INC.**
2. **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT, ARS NATIONAL SERVICES, INC.**
3. **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, ARS NATIONAL SERVICES, INC.**
4. **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF ARS NATIONAL SERVICES, INC.**
5. **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF DIANA DURETT**
6. **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF JASON HOWERTON**

7.    **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF JOHN HOWERTON**
8.    **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF JOHN WATSON**
9.    **NOTICE OF DEPOSITION ON ORAL EXAMINATION OF KATHY HOWERTON**

 The service was made via EMAIL transmissions to the email address listed above and via U.S. MAIL delivery on counsel of record also listed above.

DATED:        San Diego, California
              May 11, 2012

                                        */s/Christopher C. Saldaña*
                                        Christopher C. Saldaña, Esq.
                                        LAW OFFICES OF CHRISTOPHER C.
                                        SALDAÑA
                                        425 West Beech Street, Suite 417
                                        San Diego, California 92101
                                        Telephone:  (619) 665-6443
                                        Facsimile:   (877) 539-1135
                                        E-Mail: christopher_saldana@yahoo.com
                                        *One of the Attorneys for Plaintiff, BARBARA*
                                        *RYAN, and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

BARBARA RYAN, an individual; on behalf of
herself and all others similarly situated,

                        Plaintiffs,

              vs.

ARS NATIONAL SERVICES, INC., a
California Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                     Defendants.

_____ x

CASE NO.:  1:11-cv-04995-RPP

**PLAINTIFF'S FIRST SET OF REQUESTS**
**FOR ADMISSION DIRECTED TO**
**DEFENDANT, ARS NATIONAL**
**SERVICES, INC.**

Plaintiff, BARBARA RYAN ("Plaintiff"), by and through her undersigned counsel, request that Defendant, ARS NATIONAL SERVICES, INC. ("Defendant" or "ARS NATIONAL"), admit or deny the enclosed Requests for Admission, in accordance with Rules 26 and 36 of the Federal Rules Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York, at the Law Offices of Christopher C. Saldaña, 425 West Beech Street, Suite 417, San Diego, California 92101, no later than June 15, 2012.

The Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26(d). In addition to those definitions, the following additional definitions shall apply throughout these discovery requests, unless the context states otherwise:

## **DEFINITIONS**

1.       "Action" means the Class Action Complaint and Demand for Jury Trial as filed in the above-entitled case.

2.      "Account" means a Debt which You collected, attempted to collect, or are continuing to attempt to collect.

3.      "Agent" means any Person acting on behalf of ARS NATIONAL. The word "Agent" includes, without limitation, all of ARS NATIONAL's officers, directors, shareholders, members, employees, and independent contractors.

4.      "Call Center" means a physical location from which telephone calls are placed by You or Agents to Consumers.

6.      "Class" means the class as defined in the operative complaint on file in the Action.

7.      "Collector" means an Agent who collected or attempted to collect any Debts.

8.      "Communication(s)" shall mean, among others, any actual or attempted meetings, gatherings, assemblies, encounters, discussions, dialogues, exchanges, conversations, contact and correspondence of any type and by any means, including but not limited to letters, regular mail, telephone calls, facsimiles, electronic mail, and instant messaging Communications, etc.

9.      "Consumer" means an individual who a Creditor identified as being responsible for the payment of a Debt.

10.      "Creditor" means a Person who claims that there is money owed by a Consumer to that Person.

11.      "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. "Debt" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

12.     "Debt Collector" means either: (a) a Person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any Debts; or (b) a Person who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. "Debt Collector" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

13.     "Documents" should be construed to include, without limitation, a writing of any kind, including memoranda, correspondence, handwritten notices or any other printed, graphic, or recorded matter, however produced or reproduced, including working papers, preliminary, intermediate or final drafts, diaries, desk calendars, appointment books, photographs, films, video tapes, electronic mail, computerized financial records, electronically stored or computerized information, data stored on hard drives and floppy disks and all other writings and recordings of every kind which are in Your actual or constructive possession, custody or control. Any copies of Documents bearing notations or marks not found in the original shall be deemed to be different Documents and shall also be produced.

14.     As used herein, the terms "Identify," "Identification," "Describe," or "Description":

> (a)     when used in reference to a Document means to state (i) the name of the Person who prepared it or over whose signature it was issued; (ii) the name of each Person to whom it was addressed or distributed; (iii) the nature and substance of the writing with sufficient particularity to enable it to be identified; (iv) its date and, if it bears no date, the date when it was prepared; and (v) the physical location of it, and the name and address of its custodian;

(b)     when used with reference to an oral Communication, means to state (i) the name of each Person who participated in the Communication, and the name of each Person who was present at the time it was made; (ii) by whom each Person was employed, and whom each Person represented or purported to represent in making such oral Communications; (iii) the date and place where such oral Communication was made; and, (iv) the Identification of each and every Document or recording pertaining or relating to such oral Communication;

(c)     when used with reference to a Person or individual, means to state (i) his or her full name and last known business address and telephone number, (ii) his or her last known residence address and telephone number; and, (iii) the name and last known business address of his or her employer at both the time referred to in Your answer and the present time, and the employment position held by such employee with each employer; and, the date when each such employment began and ceased;

(d)     when used with reference to a corporation, association, company, partnership, or other business or governmental entity means to state (i) its full name; (ii) its principal place of operation; and, (iii) its last known address and telephone number; and,

(e)     when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the event or events constituting such act, its location, the date and Persons participating, Persons present or

involved, witnesses, and the Documents relating or referring in any way thereto.

15.     "Live Message" means a Voice Message of a natural Person's speech which is not a prerecorded message.

16.     "Obligation" means the indebtedness or alleged indebtedness which ARS NATIONAL sought to collect from the Plaintiff.

17.     "Person(s)" means natural Persons, corporations, partnerships, joint ventures, sole proprietorships, or any other type of business or commercial entity, as well as any and all consultants or other experts retained by You.

18.     "ARS NATIONAL SERVICES, INC.." means Defendant, ARS NATIONAL SERVICES, INC., its predecessors, successors, assigns, and present or former parent companies, affiliates, and subsidiaries, and any of its respective partners, officers, directors, employees, agents, attorneys, or any Person acting or purporting to act on its behalf.

19.     "Telephone Answering Device" is anything which answers a telephone call and permits the caller to leave a sound recording. A Telephone Answering Device includes, without limitation, an answering machine and voicemail.

20.     "Term" shall mean the time period beginning July 21, 2012 through and including August 17, 2011.

21.     "Voice Message" is a caller's spoken message recorded by a Telephone Answering Device.

22.      "You" or "Your" mean and refer to Defendant, ARS NATIONAL SERVICES, INC. and its attorneys, consultants, agents, accountants, and any Persons or entities acting on their behalf.

## REQUESTS

**Admission Request No. 1:**   The Plaintiff is a Consumer.

**Admission Request No. 2:**   You are a Debt Collector.

**Admission Request No. 3:**   You attempt to collect Debts on behalf of Creditors other than Yourself.

**Admission Request No. 4:**   During the Term, You or an Agent attempted to collect a Debt from the Plaintiff.

**Admission Request No. 5:**   During the Term, Your Live Messages to Plaintiff, as alleged in the complaint in this action, did not include any statement that the call is from a debt collector.

**Admission Request No. 6:**   During the Term, Your Live Messages to individuals other than Plaintiff, as alleged in the complaint in this action, did not include any statement that the call is from a debt collector.

**Admission Request No. 7:**   During the Term, Your Live Messages to Plaintiff, as alleged in the complaint in this action, did not include any statement that the call is an attempt to collect a debt.

**Admission Request No. 8:**   During the Term, Your Live Messages to individuals other than Plaintiff, as alleged in the complaint in this action, did not include any statement that the call is an attempt to collect a debt.

**Admission Request No. 9:**   During the Term, You or an Agent used an Autodialer in connection with Your attempts to collect Debts.

**Admission Request No. 10:**   During the Term, You or an Agent used one or more Live Messages in connection with Your attempts to collect Debts.

**Admission Request No. 11:**   During the Term, You or an Agent placed one or more telephone calls to the Plaintiff.

**Admission Request No. 12:**     During the Term, You or an Agent left at least one Voice Message for the Plaintiff.

**Admission Request No. 13:**     During the Term, each Voice Message left for the Plaintiff by You or an Agent was in connection with Your attempt to collect a Debt from the Plaintiff.

**Admission Request No. 14:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 100 Consumers in the "914" area code during which a Live Message was left.

**Admission Request No. 15:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 100 Consumers in the State of New York during which a Live Message was left.

**Admission Request No. 16:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 500 Consumers in the "914" area code during which a Live Message was left.

**Admission Request No. 17:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 500 Consumers in the State of New York during which a Live Message was left.

**Admission Request No. 18:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 1,000 Consumers in the "914" area code during which a Live Message was left.

**Admission Request No. 19:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 1,000 Consumers in the State of New York during which a Live Message was left.

**Admission Request No. 20:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 5,000 Consumers in the "914" area code during which a Live Message was left.

**Admission Request No. 21:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 5,000 Consumers in the State of New York during which a Live Message was left.

**Admission Request No. 22:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 10,000 Consumers in the "914" area code during which a Live Message was left.

**Admission Request No. 23:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent placed telephone calls to at least 10,000 Consumers in the State of New York during which a Live Message was left.

**Admission Request No. 24:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 100 Consumers in the "914" area code in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 25:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 100 Consumers in the State of New York in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 26:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 500 Consumers in the "914" area code in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 27:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 500 Consumers in the State of New York in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 28:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 1,000 Consumers in the "914" area code in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 29:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 1,000 Consumers in the State of New York in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 30:**      During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 5,000 Consumers in

the "914" area code in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 31:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 5,000 Consumers in the State of New York in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 32:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 10,000 Consumers in the "914" area code in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 33:**     During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 10,000 Consumers in the State of New York in which the Voice Message failed to expressly state the purpose of the call.

**Admission Request No. 34:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 100 Consumers in the "914" area code in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 35:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 100 Consumers in the State of New York in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 36:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 500 Consumers in the "914" area code in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 37:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 500 Consumers in the State of New York in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 38:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 1,000 Consumers in the "914"

area code in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 39:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 1,000 Consumers in the State of New York in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 40:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 5,000 Consumers in the "914" area code in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 41:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 5,000 Consumers in the State of New York in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 42:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 10,000 Consumers in the 914" area code in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 43:** During the Term and in connection with Your attempt to collect any Debt, You or an Agent left Live Messages for at least 10,000 Consumers in the State of New York in which the Voice Message failed to expressly state either (a) that You are a "debt collector" or (b) that the Voice Message was from a "debt collector."

**Admission Request No. 44:**  ARS NATIONAL's net worth is in excess of $1,000.00.

**Admission Request No. 45:**  ARS NATIONAL's net worth is in excess of $5,000.00.

**Admission Request No. 46:**  ARS NATIONAL's net worth is in excess of $10,000.00.

**Admission Request No. 47:**  ARS NATIONAL's net worth is in excess of $25,000.00.

**Admission Request No. 48:**  ARS NATIONAL's net worth is in excess of $50,000.00.

**Admission Request No. 49:**  ARS NATIONAL's net worth is in excess of $100,000.00

**Admission Request No. 50:**  ARS NATIONAL's net worth is in excess of $250,000.00.

**Admission Request No. 51:**  ARS NATIONAL's net worth is in excess of $500,000.00.

**Admission Request No. 52:**  ARS NATIONAL's net worth is in excess of $1,000,000.00.

**Admission Request No. 53:**  ARS NATIONAL's net worth is in excess of $5,000,000.00.

**Admission Request No. 54:**  ARS NATIONAL's net worth is in excess of $10,000,000.00.

**Admission Request No. 55:**  You or an Agent placed multiple telephone calls to the Plaintiff during the Term, one of which calls is identified in Paragraph 24 of the Plaintiff's complaint in this Action [Doc. 1].

**Admission Request No. 56:**  The telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 24 of the Plaintiff's complaint in this Action [Doc. 1], was left in connection with Your efforts to collect a Debt from of the Plaintiff.

**Admission Request No. 57:**  During the telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 24 of the Plaintiff's complaint in this Action [Doc. 1], You or an Agent left a Live Message.

**Admission Request No. 58:**  During the telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 24 of the Plaintiff's complaint in this Action [Doc. 1], You or an Agent failed to state that the call was from a debt collector.

**Admission Request No. 59:**  You or an Agent placed multiple telephone calls to the Plaintiff during the Term, one of which calls is identified in Paragraph 25 of the Plaintiff's complaint in this Action [Doc. 1].

**Admission Request No. 60:**  The telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 25 of the Plaintiff's complaint in this Action [Doc. 1], was left in connection with Your efforts to collect a Debt from of the Plaintiff.

**Admission Request No. 61:**  During the telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 25 of the Plaintiff's complaint in this Action [Doc. 1], You or an Agent left a Live Message.

**Admission Request No. 62:**  During the telephone calls placed to the Plaintiff during the Term, one of which calls is identified in Paragraph 25 of the Plaintiff's  complaint in this Action [Doc. 1], You or an Agent failed to state that the call was from a debt collector.

DATED:       San Diego, California
             May 11, 2012

*s/ Christopher C. Saldaña*

Christopher C. Saldaña, Esq.
LAW OFFICES OF CHRISTOPHER C. SALDAÑA
425 West Beech Street, Suite 417
San Diego, California 92101
Telephone:  (619) 665-6443
Facsimile:   (877) 539-1135
E-Mail: christopher_saldana@yahoo.com
*One of the Attorneys for Plaintiff, BARBARA RYAN, and all others similarly situated*

-12-